IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHANIEL LEKAI HART,              :

    Plaintiff,                     :

v.                                 :    Civil Action No. GLR-14-2477

BOBBY P. SHEARIN,                  :

    Defendant.                     :

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on pro se Plaintiff Nathaniel Lekai Hart's Motion for Summary Judgment (ECF No. 24) and Motion for Leave to File an Amended Complaint (ECF No. 30), and Defendant Bobby P. Shearin's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No 25).  Hart is an inmate at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, and Shearin is NBCI's former warden.  Principally at issue is whether Shearin violated Hart's federal constitutional rights when he placed Hart in segregated housing.

The Court, having reviewed the Motions and supporting documents, finds no hearing necessary.  See Local Rule 105.6 (D.Md. 2014).  For the reasons outlined below, the Court will deny Hart's Motions and grant Shearin's Motion.

## I.  BACKGROUND[1]

### A.  NBCI Lockdown and Segregated Housing Units

Due to a rash of severe assaults by NBCI inmates on other inmates and NBCI staff, NBCI placed the institution on lockdown on August 5, 2013. During the lockdown, NBCI limited inmate showers, recreation, congregate religious observance, and group schooling. Inmates were permitted, however, to exercise and conduct religious worship in their cells.

In further effort to quell the violence initiated by NBCI inmates, NBCI created four housing units. NBCI designated Housing Unit #1 as the primary segregation unit. NBCI reserved Housing Unit #2 for Maximum II inmates—inmates requiring special programming, such as mental health services, and inmates being released from Housing Unit #1 whose behavioral histories suggested difficulty in adjusting to a general population unit. NBCI designated Housing Units #3 and #4 as the general population units. NBCI made housing unit assignments based on each inmate's behavioral history and institutional adjustment.

NBCI placed Hart on disciplinary segregation on December 19, 2013; he was released on January 2, 2014. NBCI then transferred Hart to Housing Unit #2 on January 23, 2014.[2]

---

[1] Unless otherwise noted, the following facts are taken from the parties' briefings on the instant Motions, and are viewed in the light most favorable to the nonmoving party.

[2] The record is unclear as to where Hart was housed between January 2, 2014 and January 23, 2014.

All housing units, except Housing Unit #1, began to transition back to normal operations in 2014. Housing Unit #2 resumed normal operations in August 2014.

**B.   Hart's Worship, Visitor, and Occupational History at NBCI**

Between Sunday, August 10, 2014, and Sunday, January 11, 2015, Hart regularly attended Protestant worship services. Specifically, he attended three services in August 2014, two services in September 2014, four services in October 2014, five services in November 2014, and four services in December 2014.

Hart has received two visits at NBCI. A social worker visited him on October 8, 2012, and his former wife visited him on April 26, 2014.

NBCI placed Hart on a waiting list for a sanitation job on January 27, 2014. On August 8, 2014, he began his sanitation job. On November 19, 2014, Hart was reassigned from his sanitation job to his current status as a student.

**C.   Procedural Background**

On August 7, 2014, Hart filed an Administrative Remedy Procedure ("ARP") request, complaining that he was a general population inmate, but had been segregated from the general population since January 2014. (ECF No. 25-11). NBCI dismissed the ARP request as untimely. (Id.). Hart then filed a grievance with the Inmate Grievance Office ("IGO"), appealing the dismissal of his ARP request. (ECF No. 25-12). The IGO

dismissed the grievance on November 3, 2014 for failure to exhaust administrative remedies and mootness. On August 28, 2014, NBCI had sanctioned Hart with cell restriction after finding him guilty of interfering with staff, disobeying an order, and refusing an assignment. (Id.).

Hart filed this 42 U.S.C. § 1983 (2012) action on August 4, 2014. (ECF No. 1). Pursuant to the Court's August 11, 2014 Order (ECF No. 3), Hart supplemented his Complaint on August 20, 2014. (ECF No. 4). Hart alleges that his placement in segregation violated his federal constitutional right to substantive due process because he has been unable to attend school or church, have contact visits, or engage in recreation or "normal movement." (ECF Nos. 1, 4). Shearin filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on March 13, 2015. (ECF No. 25). That same day, Hart filed a Motion for Summary Judgment.[3] (ECF No. 24). Hart filed a Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on May 18, 2015. (ECF

---

[3] Hart's Motion for Summary Judgment is based solely on his claim that the Court should have required Shearin to file a response to Hart's claims without first granting several extensions of time. First, the Court notes that it also granted Hart an extension of time to reply to Shearin's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 28). Second, because Hart fails to identify any facts material to his claims, let alone argue that there is no genuine dispute of material fact, the Court will deny his Motion for Summary Judgment.

4

No. 29). He also filed an unopposed Motion for Leave to File an Amended Complaint on August 17, 2015. (ECF No. 30).

## II. DISCUSSION

### A. Standard of Review

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 555).

Generally, "a court may not consider extrinsic evidence at the 12(b)(6) stage." Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). Pursuant to Rule 12(d), however, when "matters outside the pleadings are presented to and not excluded by the court, the [12(b)(6)] motion must be treated as one for summary judgment under Rule 56."

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion. First, the "parties [must] be given some indication by the court that it is treating the

5

12(b)(6) motion as a motion for summary judgment" and, second, "the parties 'first [must] be afforded a reasonable opportunity for discovery.'" Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013) (quoting Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985)).

The alternative caption of Shearin's Motion and the attached exhibits are sufficient indicia that the Motion might be treated as one for summary judgment. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005). Furthermore, Hart has not filed a Rule 56(d) affidavit expressing a need for discovery or a motion to appoint counsel to assist him with discovery. See Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) ("[T]he failure to file an affidavit under Rule 56[(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994))). Accordingly, the Court will treat Shearin's Motion as one for summary judgment.

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970)).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Rule 56(c) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249

F.3d at 265. A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248.

**B. Analysis**

**1. Shearin's Motion for Summary Judgment**

The Court will grant Shearin's Motion for Summary Judgment because Hart failed to exhaust administrative remedies. Moreover, even assuming Hart exhausted administrative remedies, there is no evidence that Shearin violated Hart's federal constitutional rights.

**a. Exhaustion**

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (2012), requires inmates to pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. Chase v. Peay, 286 F.Supp.2d 523, 530 (D.Md. 2003), aff'd, 98 F.App'x 253 (4th Cir. 2004). This Court may not consider a claim that has not been exhausted. See Jones v. Bock, 549 U.S. 199, 219-20 (2007). Exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Pursuant to Code of Maryland Regulations ("COMAR") 12.07.01.02(D), an inmate incarcerated in an institution employing the ARP system, such as NBCI, must exhaust the system before filing a grievance with the IGO. In order to exhaust the ARP system, Hart was required to obtain a response from the Commissioner of Corrections. See COMAR 12.07.01.04(B)(9)(a). Hart, however, failed to do so. (See ECF No. 29-2). Thus, Hart failed to exhaust administrative remedies, and, consequently, he is not permitted to bring his claims in this Court. Jones, 549 U.S. at 211 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

### b. Merits of Hart's § 1983 Claims

Even assuming Hart exhausted administrative remedies, Shearin is entitled to summary judgment on all of Hart's § 1983 claims. To prevail on a § 1983 claim, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liberally construing his Complaint, Hart asserts that Shearin violated his Eighth and Fourteenth Amendment rights.[4] See Erickson v.

---

[4] Hart also alleges that Shearin violated his First Amendment rights because his confinement to segregation caused him to lose all access to church services. This claim is moot, however, because it is undisputed that Hart has attended at least eighteen church services while in segregation. (See ECF No. 25-9).

9

Pardus, 551 U.S. 89, 94 (2007) (explaining that a Court should liberally construe pro se pleadings). The Court will address these rights in turn.

### i. Eighth Amendment Cruel and Unusual Punishment

The Eight Amendment, applicable to the states through the Fourteenth Amendment, provides that cruel and unusual punishment shall not be imposed. U.S. Const. amend. VIII. To establish the imposition of cruel and unusual punishment, a prisoner must prove two elements: (1) that the deprivation of a basic human need was objectively sufficiently serious; and (2) that subjectively the officials acted with a sufficiently culpable state of mind. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)). Because Hart presents no evidence to satisfy either of these two elements, the Court finds Shearin is entitled to summary judgment on Hart's Eighth Amendment claim.

### ii. Fourteenth Amendment Due Process

The Fourteenth Amendment Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. For Hart to prevail on his § 1983 claim alleging a violation of the Fourteenth Amendment Due Process Clause, the Court must find that a liberty interest protected by the Due

Process Clause is at stake.  See Scheuerman v. Bozman, No. 09-1386, 2010 WL 761125, at *4 (D.Md. Mar. 1, 2010) aff'd, 382 F.App'x 284 (4th Cir. 2010).  In Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the Supreme Court of the United States recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  A state creates such an interest when it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

To determine whether Hart possessed a liberty interest in avoiding confinement in segregation, the Court must compare the conditions to which he has been exposed in segregation with those he could expect to experience as an ordinary incident of prison life.  Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997).  In Beverati, the United States Court of Appeals for the Fourth Circuit concluded that there was no liberty interest in avoiding segregation when inmates experienced the following conditions in segregation: vermin-infested cells smeared with human feces and urine; unbearably hot temperatures; cold food served in considerably smaller portions than in the general population; dirty clothing, linens, and bedding; no outside recreation; permission to leave their cells only three to four times per week; and no educational or religious services.  120 F.3d at 504.

Here, Hart presents no evidence of how the conditions in segregation differ from those he could expect as an ordinary incident of his life in NBCI. The undisputed record demonstrates that Hart's conditions in segregation are better than those experienced by the inmates in Beverati because he is registered as a student and has attended numerous religious services. (See ECF Nos. 25-8, 25-9). The Court finds, therefore, that there is no liberty interest at stake and Shearin is entitled to summary judgment on Hart's Fourteenth Amendment Due Process claim.

### iii. Fourteenth Amendment Equal Protection

The Fourteenth Amendment Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on an equal protection claim, a plaintiff must show "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If the plaintiff makes such a showing, the Court must determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439–40 (1985); In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th

12

Cir. 1999). Because prisoners are not a suspect class, "prison regulations need only survive a reasonableness inquiry, not strict scrutiny." Waters v. Bass, 304 F.Supp.2d 802, 810 (E.D.Va. 2004).

Hart presents no evidence that he was treated differently than any similarly situated inmates. Accordingly, the Court finds Shearin is entitled to summary judgment on Hart's Fourteenth Amendment Equal Protection claim.

2.  **Hart's Motion for Leave to File Amended Complaint**

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" to file an amended complaint "when justice so requires." The United States Court of Appeals for the Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

In his Motion for Leave to File an Amended Complaint, Hart attempts to add a § 1983 claim for violation of his right to procedural due process. He contends he was entitled to a hearing or notice before NBCI placed him in segregation. It would be futile to permit Hart to add this claim to his

13

Complaint because "the security and custody classification of state prison inmates is a matter for state prison-official discretion whose exercise is not subject to federal procedural due process constraints." Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994).  Thus, Hart's Motion for Leave to File Amended Complaint will be denied.

## CONCLUSION

For the foregoing reasons, Shearin's Motion for Summary Judgment (ECF No. 25) is GRANTED.  Hart's Motion for Summary Judgment (ECF No. 24) and Motion for Leave to an Amended Complaint (ECF No. 30) are DENIED.  A separate Order follows. Entered this 15th day of January 2016

/s/
_____
George L. Russell, III
United States District Judge